2026 IL App (1st) 250285-U

FIRST DIVISION
August 10, 2026

No. 1-25-0285

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 09 CR 02646 |
| | ) | |
| MARIO HEARRING, | ) | |
| | ) | Honorable Laura Ayala-Gonzalez, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*:  We affirm the circuit court's second-stage dismissal of defendant's successive postconviction petition alleging actual innocence. The affidavits of defendant's codefendants do not constitute newly discovered evidence because each codefendant pled guilty months before defendant, thereby waiving the privilege against self-incrimination once their convictions became final. Defendant failed to demonstrate no lack of due diligence in obtaining the affidavits prior to entering his guilty plea.

¶ 2    Defendant Mario Hearring pled guilty to two counts of aggravated kidnapping and was sentenced to concurrent terms of 23 years in prison. He did not file a direct appeal. He filed a petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)), which the circuit court dismissed at the second stage. This court affirmed that dismissal, *People v. Hearring*, No. 1-15-1895, ¶ 7 (2017) (unpublished summary order

under Illinois Supreme Court Rule 23(c)). In September 2019, defendant sought leave to file a successive postconviction petition alleging actual innocence, which is the subject of this appeal. Attached were affidavits from codefendants Ronnie Webster, David Hearring, and David Green, each asserting defendant was not involved in the January 14, 2009, offenses. The petition advanced to the second stage, where defendant ultimately proceeded *pro se* solely on his actual-innocence claim. The court granted the State's motion to dismiss, finding the claim lacked merit. Defendant appeals. For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4     Following an incident on January 14, 2009, defendant, David Hearring, Ronnie Webster, David Green, Tyesha Hunter, and Marquita Morris were varyingly charged with home invasion, aggravated kidnapping, armed robbery, attempt armed robbery, residential burglary, and aggravated unlawful restraint. The State charged defendant with aggravated kidnapping with a firearm and for ransom in counts II and IX, respectively (720 ILCS 5/10-2(a)(1), (6) (West 2008)).

¶ 5     Defendant's opening brief and the State's response brief ask us to take judicial notice that David Hearring pled guilty to aggravated unlawful restraint on April 16, 2010, and was sentenced to 3 years' imprisonment (*People v. Hearring*, No. 09 CR 0264602 (Cir. Ct. Cook County, Apr. 16, 2010)); David Green pled guilty to aggravated unlawful restraint on June 11, 2010, and received an aggregate 3-year prison sentence (*People v. Green*, No. 09 CR 0264604 (Cir. Ct. Cook County, June 11, 2010)); and Webster pled guilty to home invasion on May 23, 2011, and was sentenced to 22 years in prison (*People v. Webster*, No. 09 CR 0264603 (Cir. Ct. Cook County, May 23, 2011)).

¶ 6     On February 6, 2012, defendant pled guilty on counts II and IX in exchange for concurrent 23-year terms in prison.

¶ 7     The parties stipulated that the evidence at trial would show that, on January 14, 2009, Jermaine Jordan (Jermaine) was at a gas station, standing outside his vehicle while his two-year-old son, Elijah Jordan (Elijah), occupied a car seat inside. Armed with a firearm, defendant approached Jermaine, forced him into the vehicle, and made Jermaine drive him and a codefendant to a house, where defendant forced the Jordans inside at gunpoint. There defendant placed multiple ransom calls. He then went to the Jordans' home, forced his way inside with a firearm, and demanded money from Jermaine's wife, who gave a codefendant $2,000. Hunter and Morris took Elijah to a nearby firehouse. Webster took Jermaine to a bank, where the police rescued Jermaine. After speaking to a codefendant, the police arrested defendant.

¶ 8     Defendant did not file a direct appeal of his conviction. On April 9, 2013, he filed a *pro se* initial postconviction petition, which advanced to the second stage. The circuit court dismissed this petition on June 2, 2015, and we affirmed. *Hearring*, No. 1-15-1895, ¶ 7 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 9     On September 11, 2019, defendant filed *pro se* the successive postconviction petition at issue in this case, alleging actual innocence among other claims. Attached to the petition were affidavits of several of his codefendants alleging defendant was not involved in the offenses. Webster's affidavit dated August 1, 2019, stated that defendant "did not have nothing to do with this crime," claiming that the Chicago Police Department's gang unit had forced him to implicate defendant. Webster also said, "I wrote a[n] affidavit before saying this back in 2011." David Hearring averred in his affidavit dated July 26, 2019, that he did not witness defendant commit kidnapping or see him with a firearm at any time during the offenses.

¶ 10   Defendant subsequently filed a *pro se* supplemental petition on January 23, 2020. David Green's attached affidavit stated that he did not witness defendant commit a kidnapping or observe him with a firearm at any time during the offenses. David Green alleged that he had been "lead to believe [defendant] was involved due to [David Green's] freedom being at risk or used against [him]."

¶ 11   The circuit court advanced the petition to the second stage on August 3, 2021.

¶ 12   Through retained counsel, defendant filed an amended petition for postconviction relief on June 28, 2023.

¶ 13   On April 17, 2024, retained counsel withdrew, and defendant opted to proceed *pro se* and only on his actual-innocence claim, abandoning his petitions' other arguments.

¶ 14   The State filed a motion to dismiss on June 25, 2024, and defendant filed a *pro se* response. After a hearing on December 17, 2024, the circuit court granted the motion on January 20, 2025, reasoning that defendant's actual-innocence claim "lack[ed] any merit."

¶ 15   Defendant timely appealed.

¶ 16                                ANALYSIS

¶ 17   The Act provides a three-stage process to collaterally challenge criminal convictions on constitutional grounds. *E.g.*, *People v. Domagala*, 2013 IL 113688, ¶ 32. The Act contemplates only one petition, and any claims not raised in an initial or amended petition are waived. *People v. Johnson*, 2026 IL App (1st) 231497, ¶ 40. However, a circuit court may grant a defendant leave to file a successive petition where, *inter alia*, a defendant claims actual innocence based on new evidence. *Id.*

¶ 18   A defendant asserting actual innocence must present evidence that is newly discovered, material, noncumulative, and of such conclusive character that it would probably change the

result on retrial. *Id.*, ¶ 43. Evidence is newly discovered only if it was unavailable earlier and could not have been obtained sooner through due diligence. *People v. Smith*, 2021 IL App (1st) 181728, ¶ 19. A defendant bears the burden of demonstrating due diligence. *People v. Wilson*, 2025 IL App (1st) 230027, ¶ 45.

¶ 19     A court will grant leave if a successive petition and "supporting documentation raise\*\*\* the probability that it is more likely than not that no reasonable juror would have convicted the [defendant] in light of the new evidence." *People v. Griffin*, 2024 IL 128587, ¶ 45. Once a defendant has obtained leave, the petition advances to second-stage proceedings in which the State may file a motion to dismiss or an answer. *People v. Ayala*, 2022 IL App (1st) 192484, ¶ 97.

¶ 20     The second-stage standard is the same for successive petitions as it is for initial petitions. *People v. Sanders*, 2016 IL 118123, ¶ 37. A defendant must make a substantial showing of his actual innocence, greater than that required to obtain leave, to survive a motion to dismiss and proceed to a third-stage evidentiary hearing. *People v. Robinson*, 2020 IL 123849, ¶ 43. All well-pled allegations not positively rebutted by the record are taken as true at this stage. *People v. Bridges*, 2025 IL App (1st) 241180, ¶ 15. A circuit court dismisses a petition if, construing its allegations liberally in light of the trial record, the petition fails to make the required showing. *People v. Agee*, 2023 IL 128413, ¶ 69. We review *de novo* a circuit court's dismissal of a petition at the second stage. *People v. Smith*, 2026 IL App (1st) 231635, ¶ 13.

¶ 21     Defendant contends that his successive petition and the attached affidavits made a substantial showing of actual innocence based on newly discovered evidence. Defendant argues the affidavits could not have been obtained earlier because his codefendants would have had to waive their fifth-amendment rights against self-incrimination and admit they had requisite

knowledge of the offense to exonerate him. See *Wilson*, 2025 IL App (1st) 230027, ¶ 47 ("no amount of due diligence" can force a codefendant to waive his fifth-amendment right). The record shows otherwise.

¶ 22    Both parties requested that we take judicial notice of the codefendants' convictions, and we can do so. *People v. Jimerson*, 404 Ill. App. 3d 621, 634 (2010). Each codefendant pled guilty and was sentenced months before defendant entered his plea on February 6, 2012. A guilty plea generally waives the privilege against self-incrimination once the 30-day period for withdrawing the plea expires. *People v. Dmitriyev*, 302 Ill. App. 3d 814, 817 (1998). The privilege continues only while a conviction remains nonfinal, such as during a pending appeal. *People v. Ousley*, 235 Ill. 2d 299, 306-07 (2009). Defendant presents no allegation that his codefendants' convictions were nonfinal at the time he pled guilty. We cannot grant his request that we infer the convictions were nonfinal because such an inference would be speculative and unsupported by the record. See *People v. Davis*, 278 Ill. App. 3d 532, 540 (1996) (a reasonable inference must rest on factual antecedents in the record). Defendant offers no explanation for why he could not have obtained the affidavits before entering his plea. Additionally, Webster's affidavit references a prior affidavit from 2011, further undermining defendant's claim that the evidence was unavailable.

¶ 23    Because the codefendants' convictions were final well before defendant pled guilty on February 6, 2012, their fifth-amendment rights had been waived, and their testimony was therefore available. Defendant has not met his burden of demonstrating that the affidavits attached to his successive petition were newly discovered or unavailable through due diligence at the time of his guilty plea. *Wilson*, 2025 IL App (1st) 230027, ¶ 45. Without newly discovered evidence, he cannot make a substantial showing of actual innocence. *People v. Flournoy*, 2024

IL 129353, ¶ 95. Because defendant has failed to satisfy the threshold requirement of newly discovered evidence, we need not address the affidavits' materiality, cumulative character, or conclusiveness. *Id.* The circuit court properly dismissed his successive postconviction petition at the second stage.

¶ 24                                   CONCLUSION

¶ 25     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 26     Affirmed.